Only Type of Form Available in Library

# UNITED STATES COURT OF APPEALS
# FOR THE CIRCUIT

## ~~APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE~~ MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE 28 U.S.C. § 2255 BY A PRISONER IN FEDERAL CUSTODY

CA 08 75 1

**Name**

Waskar Pena

**Place of Confinement**

FCI Fort Dix

**Prisoner Number**

#05687-070

### INSTRUCTIONS--READ CAREFULLY

(1) This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2) All questions must be answered concisely in the proper space on the form.

(3) The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4) All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases. In capital cases only, the use of this form is optional.

(5) Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds. Do not submit separate petitions, motions, briefs, arguments, etc., except in capital cases.

(6) In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7) When this application is fully completed, the original and four copies must be mailed to:

**Clerk of Court**
**United States Court of Appeals for the ______ Circuit**

## APPLICATION

1. (a) State and division of the United States District Court which entered the judgment of conviction under attack

Rhode Island

(b) Case number 06-2171

2. Date of judgment of conviction July 14, 2006

3. Length of sentence 151 Sentencing Judge Honorable Ernest C. Torres

4. Nature of offense or offenses for which you were convicted: Title 21 U.S.C. §841(a)(1) and (b)(1)(B) and §846.

5. Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?

Yes ( ) No (X) If "yes", how many times? ______ (if more than one, complete 6 and 7 below as necessary)

(a) Name of court

(b) Case number

(c) Nature of proceeding

(d) Grounds raised (list all grounds; use extra pages if necessary)

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No ( )

(f) Result

(g) Date of result

6. As to any second federal motion, give the same information:

(a) Name of court

(b) Case number

(c) Nature of proceeding

(d) Grounds raised (list all grounds; use extra pages if necessary)__________

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No ( )
(f) Result __________

(g) Date of result __________

7. As to any third federal motion, give the same information:
(a) Name of court __________
(b) Case number __________
(c) Nature of proceeding __________

(d) Grounds raised (list all grounds; use extra pages if necessary)__________

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No ( )
(f) Result __________

(g) Date of result __________

8. Did you appeal the result of any action taken on your federal motion? (Use extra pages to reflect additional petitions if necessary)
(1) First motion No ( ) Yes ( ) Appeal No. __________
(2) Second motion No ( ) Yes ( ) Appeal No. __________
(3) Third motion No ( ) Yes ( ) Appeal No. __________

9. If you did not appeal from the adverse action on any motion, explain briefly why you did not:

10. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

A. Ground one: See Attached.

Supporting FACTS (tell your story briefly without citing cases or law):

Was this claim raised in a prior motion? Yes ( ) No (X)

Does this claim rely on a "new rule of law?" Yes ( ) No (X)
If "yes," state the new rule of law (give case name and citation):

Does this claim rely on "newly discovered evidence?" Yes ( ) No (X)
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you

B. Ground two:

Supporting FACTS (tell your story briefly without citing cases or law):

Was this claim raised in a prior motion? Yes ( ) No ( )

Does this claim rely on a "new rule of law?" Yes ( ) No ( )
If "yes," state the new rule of law (give case name and citation):

Does this claim rely on "newly discovered evidence?" Yes ( ) No ( )
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you

**[Additional grounds may be asserted on additional pages if necessary]**

11. Do you have any motion or appeal now pending in any court as to the judgment now under attack? Yes ( ) No (x)
If "yes," name of court __________ Case number__________

~~Wherefore, applicant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.~~

Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on 2-21-08
[date]

Applicant's Signature

## STATEMENT OF ISSUES

1. Counsel was ineffective by waiving Mr. Pena's right to direct appeal. Prejudice in this case ensued. Mr. Pena was sentenced in Criminal History Level II. This was based on two driving without a license convictions that had a sentence of one year probation. During the pendency of the appeal process the United States Sentencing Commission clarified §4A1.2 holding that sentences less than a year and a day are never counted for such offenses. Thus, the appropriate Criminal History Level in this case if not for counsel's ineffective assistance of counsel was Criminal History Level I. Assuming that this Honorable Court agrees with the defendant as to Point 4 this would result in an **advisory guideline range of 108 - 135 months.** Assuming, this Honorable Court rejects point 4 this would have resulted in an **advisory guideline range of 135 - 168 months.** (As a result of counsel's ineffective assistance of counsel the Court imposed a sentence of 151 months based on an advisory guideline range of 151 - 188).

2. Counsel was ineffective in withdrawing the defendant's appeal without proper counsultation and approval. On November 1, 2007, the United States Sentencing Commission clarified its position as it related to minor petty offenses such as the offenses in this case. As a result of this amendment the defendant had no criminal history points. Prejudice ensued as the result of counsel withdrawing the appeal or or about November 28, 2007, without proper consultation and approval.

3. Counsel was ineffective by not arguing at sentencing that Mr. Pena's criminal history level overrepresented as evidenced. In fact, it was public knowledge that this was the case as the United States Sentencing Commission clarified the guideline for it was clear that "such sentences are default sentences that should not be counted." See Exhibit A. It was reasonable to expect in the wake of Booker that all criminal practitioners knew to make this argument that counsel neglected to present or ineffectively presented.

4. Counsel was ineffective by not ensuring that Mr. Pena was sentenced in accordance with the stipulated facts in the plea agreement that allowed for a two point enhancement under USSG §3B1.1(c) not a four point enhancement.

5. Counsel was ineffective by failing to ensure that the Court properly considered all §3553 factors in sentencing and imposed the sentence that was "sufficient but not greater than necessary". In this case, the defendant most repectfully suggests that the appropriate guideline range was 108 - 135 months. From that point the district court judge had strong mitigating factors to justify a lower sentence in accordance with Booker. These strong mitigating factors were;

a. There is no chance that Mr. Pena will endanger the community as he is being deported.

b. Mr. Pena has eight children and a loving companion that he will be denied companionship with after his long incarceration sentence./1

---

1 The PSI reported that Mr. Pena has lived with his common law wife Diane Guzman for fourteen years. They have five children together. Ms. Guzman described the defendant as an "excellent" father and stated that "the family was hoping for leniency at the time of sentencing." See ¶ 42 - 43.

c. The average sentence nationwide during the relevant time period for similar offenses was months according to U.S. Sentencing Commission Statistics. Thus, the sentence imposed without the other strong mitigators was twice the nation average./2

d. The defendant has shown extraordinary remorse for his crimes.

e. The defendant had a very difficult upbringing. When Mr. Pena was a child his father was killed in a tragic car accident. It was reported in the PSI;

> As he was very close to his father at the time, his death was extremely tramautic. Mr. Pena reported that without a father, life was difficult in the Dominican Republic as the family was terribly poor, therefore, they relocated to the United States when the defendant was thirteen.

While this in no way excuses Mr. Pena's criminal conduct it is a mitigating factor that this Honorable Court may consider if the Court is inclined to do so.

For the foregoing reasons, the defendant most repectfully suggests that individually and/or cumulatively that counsel's performance on behalf of the defendant was notreasonable based on the standard expected of criminal defense practioners practicing in the Rhode Island courts and most respectfully suggests that prejudice ensued.

---

2 Mr. Pena is aware of the approximate sentences nationwide but has been unable to get access to the internet at the time of this filing to provide the exact sentence. Said may be forwarded under separate conver if not available at the time of filing.

3 Counsel could have argued that the driving without a license cases were related. However, as the amendment establishes a Criminal History Category I said argument is sufficient.

## PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on February 21, 2008 [date], I mailed a copy of this Application* and all attachments to Clerk of Court, District of Rhode Island

at the following address: One Exchange Terrace

Providence, Rhode Island 02903

Applicant's Signature

* Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."