# EXHIBIT A

The Commentary to §2L1.2 captioned "Application Notes" is amended in Note 4(B) by striking "considered 'related cases', as that term is defined in Application Note 3" and inserting "counted as a single sentence pursuant to subsection (a)(2)".

**Reason for Amendment:** This amendment addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. In November 2006 the Commission hosted round-table discussions to receive input on criminal history issues from federal judges, prosecutors, defense attorneys, probation officers, and members of academia. In addition, the Commission gathered information through its training programs, the public comment process, and comments received during a public hearing of the Commission in March 2007. This amendment addresses two issues that were raised during this process.

First, the amendment addresses the counting of multiple prior sentences. The Commission has heard from a number of practitioners throughout the criminal justice system that the "related cases" rules at subsection (a)(2) of §4A1.2 (Definitions and Instructions for Computing Criminal History) and Application Note 3 of §4A1.2 are too complex and lead to confusion. Moreover, a significant amount of litigation has arisen concerning application of the rules, and circuit conflicts have developed over the meaning of terms in the commentary that define when prior sentences may be considered "related." For example, the commentary provides that prior sentences for offenses not separated by an intervening arrest are to be considered related if the sentences resulted from offenses that were consolidated for sentencing. In determining whether offenses were consolidated for sentencing, some courts have required that the record reflect a formal order of consolidation, while others have not. Compare, e.g., United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997) (order required) with United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998) (order not required).

The amendment simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline. The amendment eliminates use of the term "related cases" at §4A1.2(a)(2) and instead uses the terms "single" and "separate" sentences. This change in terminology was made because some have misunderstood the term "related cases" to suggest a relationship between the prior sentences and the instant offense. Prior sentences for conduct that is part of the instant offense are separately addressed at §4A1.2(a)(1) and Application Note 1 of that guideline.

Under the amendment, the initial inquiry will be whether the prior sentences were for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required.

If the prior sentences were for offenses that were not separated by an intervening arrest, the sentences are to be counted as separate sentences unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day. In either of these situations they are treated as a single sentence.

The amendment further provides that in the case of a single sentence that comprises multiple concurrent sentences of varying lengths, the longest sentence is to be used for purposes of





applying subsection (a), (b) and (c) of §4A1.1 (Criminal History Category). In the case of a single sentence that comprises multiple sentences that include one or more consecutive sentences, the aggregate sentence is to be used for purposes of applying §4A1.1(a), (b), and (c).

Instances may arise in which a single sentence comprises multiple prior sentences for crimes of violence. In such a case, §4A1.1(f) will apply. Consistent with §4A1.1(f) and Application Note 6 to §4A1.1, additional criminal history points will be awarded for certain sentences that otherwise do not receive points because they have been determined to be part of a single sentence. For example, if a defendant's criminal history contains two robbery convictions for which the defendant received concurrent five-year sentences of imprisonment and the sentences are considered a single sentence because the offenses were not separated by an intervening arrest and were imposed on the same day, a total of 3 points would be added under §4A1.1(a). An additional point would be added under §4A1.1(f) because the second sentence was for a crime of violence that did not receive any points under §4A1.1(a), (b), or (c).

The amendment also provides for an upward departure at Application Note 12(A) to §4A1.1 if counting multiple prior sentences as a single sentence would underrepresent the seriousness of the defendant's criminal history and the danger that the defendant presents to the public.

Second, the amendment addresses the use of misdemeanor and petty offenses in determining a defendant's criminal history score. Sections 4A1.2(c)(1) and (2) govern whether and when certain misdemeanor and petty offenses are counted. Section 4A1.2(c)(1) lists offenses that are counted only when the prior sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days. Section 4A1.2(c)(2) lists offenses that are never counted toward the defendant's criminal history score. The amendment responds to concerns that (1) some misdemeanor and petty offenses counted under the guidelines involve conduct that is not serious enough to warrant increased punishment upon sentencing for a subsequent offense; (2) the presence of a prior misdemeanor or petty offense in a rare case can affect the sentence in the instant offense in a way that is greatly disproportionate to the seriousness of the prior offense (such as when such a prior offense alone disqualifies a defendant from safety valve eligibility); and (3) jurisdictional differences in defining misdemeanor and petty offenses can result in inconsistent application of criminal history points for substantially similar conduct.

To evaluate these concerns, the Commission conducted a study of misdemeanor and petty offenses and the criminal history rules that govern them, particularly §4A1.2(c)(1). The Commission examined a sample of 11,300 offenders sentenced in fiscal year 2006 to determine the type of misdemeanor and petty offenses counted in the criminal history score, the frequency with which they occurred, and the particular guideline provisions that caused them to be counted. In addition, the Commission examined a sample of offenders sentenced in 1992 who were subsequently released from imprisonment and monitored for two years for evidence of recidivism. (See U.S. Sentencing Commission *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* (2004) for additional information concerning this sample.) Furthermore, the Commission examined how state guidelines treat minor offenses.