UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WASKAR PENA                        :
                                   :
v.                                 :        CA No. 05-137-T
                                   :
UNITED STATES OF AMERICA           :

**MEMORANDUM AND ORDER DENYING § 2255 MOTION**

Ernest C. Torres, Senior United States District Judge.

Waskar Pena has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  For the reasons hereinafter stated, that motion is denied.

## Background

On April 5, 2006, Pena pled guilty of conspiracy to possess 500 grams or more of cocaine, with intent to distribute it, in violation of 21 U.S.C. § 846; possession of 500 grams or more of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1); and possession of 100 grams or more of heroin with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Throughout the proceedings Pena was represented by Attorney John J. Bevilacqua.

In his Plea Agreement, Pena waived any right to file a direct appeal if his sentence was within the guideline range determined by this Court. (Plea Agreement ¶ 10.)  As part of the Plea Agreement, Pena affirmed that he read the agreement or had it read to him, discussed it with his counsel, understood it and agreed to its provisions. (Id. ¶¶ 14, 15.)  On July 14, 2006, he was sentenced

to 151 months imprisonment, the low end of the applicable guideline range.

Pena's counsel filed a notice of appeal but, on November 13, 2006, moved to withdraw the appeal. Attached to the motion to withdraw was a handwritten note signed by Pena and requesting that his appeal be dropped. On November 28, 2006, Pena's appeal was dismissed. See United States v. Waskar Pena, Dkt. No. 06-2171 (1st Cir. Nov. 28, 2006).

On December 3, 2007 -- more than a year later -- Pena filed a pro se motion to reinstate his appeal, which was denied on January 15, 2008. Id., Order dated January 15, 2008 at 1. The denial order observed that Pena's motion to withdraw his appeal had been accompanied by a note, purportedly signed by Pena, and stated that "the denial is without prejudice to [Pena] pursuing any remedy he might have under 28 U.S.C. § 2255 should [he] contend that counsel was not authorized to withdraw the appeal." Id. Pena's § 2255 motion purportedly was signed and mailed on February 21, 2008, and it was received by the Clerk on March 3, 2008.

In his motion to vacate, Pena claims that his counsel was ineffective because he: (1) waived Pena's right to appeal; (2) withdrew Pena's appeal without "proper consultation and approval;" (3) failed to argue that Pena's prior criminal history was over-represented; (4) failed to persuade the Court to enhance Pena's sentence by two levels instead of four levels under U.S.S.G.

§ 3B1.1(c); and (5) failed to ensure that the Court consider all § 3553 factors in imposing Pena's sentence.

Despite the bald assertion that counsel withdrew Pena's appeal without "proper consultation and approval," Pena does not deny that he authored the handwritten note accompanying the motion to withdraw. Nor does Pena allege that he was unaware that the appeal had been withdrawn.

In its opposition to Pena's motion, the Government argues, among other things, that the motion is untimely. The Court granted Pena's request for additional time to respond to the government's objection but Pena has failed to do so.

## Analysis

The portion of § 2255 bearing on the timeliness of Pena's motion provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final; . . .
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[1]

---

[1] Under amendments to § 2255 effective January 7, 2008, the eight undesignated paragraphs of that statute were designated as paragraphs (a) through (h), respectively. See Pub.L. 110-177, Title V, § 511 (2008). The other listed events triggering the limitations period, see § 2255(f)(2)-(3), do not apply here and are not discussed.

Pena's conviction became final on November 28, 2006, the date on which his appeal was voluntarily dismissed. <u>See</u> <u>United States v. Arevalo</u>, 408 F.3d 1233, 1236 (9th Cir. 2005); <u>United States v. Sylvester</u>, 258 Fed. Appx. 411, 412 (3d Cir. 2007) (upholding dismissal of untimely § 2255 motion, as defendant's "conviction became final and the limitations period began to run when his appeal was voluntarily dismissed.")(citing <u>Arevalo</u>). Pena's motion was filed, at the earliest, on February 21, 2008[2], almost 15 months later. Nor did Pena's unsuccessful attempt to reinstate his appeal toll the one-year limitation period. <u>Cf</u>. <u>Peques v. Byrd</u>, 2008 WL 3287096 at *1 (N.D. Miss. Aug. 7, 2008)(motion to reinstate appeal in state postconviction proceeding did not toll one-year limitation period for filing § 2254 motion).

Moreover, since it appears that, on November 13, 2006, Pena, at least, was aware that his appeal was being withdrawn, his motion is untimely under ¶(4), as well, because his § 2255 motion was not filed until approximately fourteen months later. Indeed, the assertion in Pena's petition that "on November 1, 2007, the United States Sentencing Commission clarified its position as it related to minor petty offenses such as offenses in this case" strongly suggests that his claim that counsel withdrew the appeal without

---

[2]    The "mailbox rule" allows a federal <u>pro</u> <u>se</u> prisoner's filings to be dated as of the date placed in a prison mailbox, because the <u>pro</u> <u>se</u> prisoner lacks the ability to ensure that prison authorities timely forward his materials to the clerk of court. <u>See</u> <u>Morales-Rivera v. United States</u>, 184 F.3d 109 (1st Cir. 1999); Fed.R.App.P. 4(c).

"proper consultation and approval" (Motion to Vacate at 7, Statement of Issues, ¶ 2) was prompted by what Pena believes was a favorable change in the law made long after his appeal was withdrawn. That conclusion is buttressed by the fact that Pena filed the motion to reinstate his appeal one month after the Sentencing Commission's action.

Because Pena's petition is untimely, this Court need not address his other claims.

### Conclusion

For all of the foregoing reasons, Pena's motion to vacate under § 2255 is hereby DENIED and dismissed.


SO ORDERED:

Ernest C. Jones
_____
Ernest C.  Torres
Senior United States District Judge

January 22 , 2009