UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-137S |
| | : | |
| WASKAR PENA | : | |

**MEMORANDUM AND ORDER**

Defendant Waskar Pena plead guilty on April 5, 2006 to three felony drug trafficking offenses. He is currently serving a 151-month sentence. On August 31, 2009, Defendant filed a petition seeking an Order "directing the [Government] to return to [him] the currency seized from him in the amount of $96,640.00." (Document No. 185). The Government objects. (Document No. 187). Defendant's Petition has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cr 57.2. For the reasons summarized below, Defendant's "Petition for Return of Property" is DENIED.

Defendant has failed to provide any details as to these funds, the circumstances of the seizure or the factual and legal basis for his standing to petition for return of the funds. At Defendant's change of plea hearing, the Prosecutor thoroughly outlined the facts which would have been established at trial. See Document No. 189 (Transcript of April 5, 2006 Change of Plea Hearing) at pp. 14-23. After hearing the detailed outline of facts, Defendant agreed that the Prosecutor's version of facts was true and that the Government would be able to prove them if the case went to trial. Id. at p. 23. Chief Judge Torres then accepted Defendant's plea of guilty. Id. at pp. 23-24. Important to the present Motion are the facts (agreed to by Defendant) that the $76,000.00 seized in connection with Defendant's arrest was not in his possession at the time of the seizure and had been used by him

to purchase several kilograms of cocaine. Id. at pp. 15-17. Defendant also agreed that an additional $10,000.00 was seized from his residence and person and that he had sold cocaine to at least two other co-Defendants/co-conspirators in the case. Id. at pp. 17, 22. Thus, in connection with his guilty pleas, Defendant admitted that he was an "organizer or leader" of the drug trafficking conspiracy, see Document No. 59 (Plea Agreement) at ¶ 2(e)(iii), and effectively agreed, as discussed above, that the funds seized in this case – the majority in the trunk of his drug supplier's car and the rest in Defendant's residence or on his person – were the proceeds of illegal drug trafficking.

Defendant offers no legal or factual basis for his claim of entitlement to the currency seized in connection with this case. Rather, he relies solely upon a waiver theory. He contends that the Government waived its interest to the currency by failing to seek and obtain a forfeiture order from this Court. Although Defendant is correct that a forfeiture order was not sought or obtained from this Court, the Government has the authority to administratively forfeit money traceable to drug trafficking activities,[1] and Defendant has not claimed any procedural or constitutional deficiency in that process. See Gonzalez-Gonzalez v. United States, 257 F.3d 31 (1st Cir. 2001) and United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995). Thus, Defendant's waiver theory fails, and his Petition for Return of Property must be DENIED.

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 4, 2009

---

[1] Under 21 U.S.C. § 881 and 19 U.S.C. § 1607, the Government may administratively forfeit funds not exceeding $500,000.00 if they were furnished in exchange for a controlled substance, are proceeds of such an exchange or were used or intended to be used to facilitate a drug trafficking offense.